## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ASUZENE GRADY,
as Parent and Natural Guardian
of P.L., a minor,

        Plaintiff,

v.                                                  Case No. 3:25-cv-1130-MMH-PDB

BJ'S WHOLESALE CLUB, INC.,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On September 22, 2025,

Defendant, BJ's Wholesale Club, removed this action to this Court, contending

that the exercise of diversity jurisdiction would be proper under 28 U.S.C.

§ 1332. <u>See</u> Defendant's, BJ's Wholesale Club, Inc., Notice of Removal (Doc. 1;

Notice), filed September 22, 2025. Defendant filed two supplemental notices of

removal. <u>See</u> Defendant's, BJ's Wholesale Club, Inc., Notice of Supplemental

Filing of State Court Proceedings to Notice of Removal filed September 22, 2025

(Doc. 2; First Supplemental Notice), filed September 22, 2025; Defendant's, BJ's

Wholesale Club, Inc., Notice of Filing Additional Exhibits to Defendant's Notice

of Removal filed September 22, 2025 (Doc. 3; Second Supplemental Notice), filed

September 22, 2025. Upon review of the record, the Court was unable to

determine whether the exercise of diversity jurisdiction over this action would be proper. Thus, the Court directed Plaintiff, Asuzene Grady, as parent and natural guardian of P.L., a minor, to file her disclosure statement and directed Defendant to provide the Court with sufficient information to determine whether it has diversity jurisdiction over this action. <u>See</u> Order (Doc. 13; Jurisdiction Order), entered October 7, 2025, at 7. On October 28, 2025, Plaintiff filed the required disclosure statement. <u>See</u> Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 15; Plaintiff's Disclosure). And, on October 29, 2025, Defendant filed an amended notice of removal in support of jurisdiction. <u>See</u> Defendant's, BJ's Wholesale Club, Inc., Amended Notice of Removal Pursuant to the Court's Order Dated October 7, 2025 (Doc. 18; Amended Notice). However, despite the additional information Defendant provides in the Amended Notice, the Court remains unable to conclude that it has subject matter jurisdiction over this action. This is so because Defendant still fails to identify <u>facts</u> sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to the state court in which Plaintiff filed the action.

As a preliminary matter, upon review of the Amended Notice, the Court finds that Defendant has failed to properly redact an exhibit as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures

for Electronic Filing in this Court (CM/ECF Admin. P.). <u>See</u> Exhibit D (Doc. 18-4; Settlement Demand) at 8. Under Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and
> > (4) the last four digits of the financial-account number.

<u>See</u> Fed. R. Civ. P. 5.2(a); <u>see also</u> CM/ECF Admin. P., Part H. Here, the Settlement Demand includes the full birth date of one individual in direct violation of this Rule. <u>See</u> Settlement Demand at 8.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. <u>See</u> CM/ECF Admin. P., Part H, ¶ 1 ("Every lawyer and pro se litigant is responsible for redacting personal identifiers before filing any documents with the Court."). Consequently, the Court will direct the Clerk of Court to redact page 8 of the Settlement Demand such that only the year of the birthdate is visible.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information <u>before</u> it is filed on the docket.

Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely. As such, counsel must take greater care to comply with the redaction rules when making filings in federal court.

Turning to the question of whether the Court has subject matter jurisdiction over this action, in the Complaint (Doc. 7), filed in state court on August 21, 2025, Plaintiff alleges her minor child, P.L., slipped and fell at Defendant's store. See Complaint ¶¶ 2, 5, 6. She alleges P.L. "suffered damages including pain and suffering, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to lead and enjoy a normal life." Id. ¶¶ 12, 17. And, "[t]he losses are either permanent or continuing and P.L. will suffer the losses in the future." Id. ¶¶ 12, 17. She states she seeks damages in excess of $50,000. Id. ¶ 1. Relying on Plaintiff's Complaint and a pre-suit demand, Defendant contends that the jurisdictional amount in controversy requirement is satisfied. See generally Amended Notice.

When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's

notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. <u>Id.</u> (citing 28 U.S.C. § 1446(c)(2)(B)); <u>see also</u> <u>Dudley v. Eli Lilly & Co.</u>, 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." <u>Williams</u>, 269 F.3d at 1319–20. Indeed, the Court may not speculate or guess as to the amount in controversy. <u>See</u> <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "<u>specific factual allegations</u> establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." <u>Id.</u> at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." <u>Id.</u>[1]

---

[1] The Court notes that <u>Dart</u>, <u>Dudley</u> and <u>Pretka</u> all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, <u>see</u> 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. <u>See, e.g.</u>, <u>Pretka</u>, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly

In the Notice, Defendant contended that the amount in controversy exceeds $75,000 because "Plaintiff made a pre-suit demand" of $250,000. <u>See</u> Notice ¶ 6. In the Jurisdiction Order, the Court advised that based on this minimal support for the amount in controversy, Defendant "fail[ed] to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)." <u>See</u> Jurisdiction Order at 5 (citing <u>Dart Cherokee</u>, 574 U.S. 81; <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1077 (11th Cir. 2000); and <u>Pretka</u>, 608 F.3d at 752, 754). In particular, the Court explained that it could not

> discern whether the amount in controversy is met because it is based on a demand letter that is either not attached or is too vague and conclusory to be given any weight. <u>Compare</u> <u>Dicapua v. State Farm Mut. Ins. Co.</u>, Case No. 6:16-cv-1054-Orl-28TBS, 2016 WL 6156095, at *2–3 (M.D. Fla. Oct. 24, 2016) (finding pre-suit demand letter was mere posturing) <u>with</u> <u>Erler v. Geico Gen. Ins. Co.</u>, Case No. 6:17-cv-1090-Orl-40GJK, 2017 WL 10058597, at *1–2 (M.D. Fla. Sept. 21, 2017) (finding pre-suit demand letter sufficiently supported).

<u>Id.</u> In addition, the Court found that

> [Defendant's] allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy. <u>See</u> <u>Pretka</u>, 608 F.3d at 753–54 ("[W]ithout facts or specific allegations, the amount in controversy [can] be divined [only] by looking at the stars—only

---

adopts the procedures of the general removal statute, 28 U.S.C. § 1446." <u>Id.</u> at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. <u>See</u> <u>Bender v. Mazda Motor Corp.</u>, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to <u>Pretka</u> as authority regarding removal procedures).

through speculation—and that is impermissible." (internal quotation omitted)).

Id.

In the Amended Notice, to which Defendant attaches Plaintiff's pre-suit demand package, see Settlement Demand at 3, Defendant contends that the demand is supported by P.L.'s medical records and therefore establishes that the amount in controversy exceeds $75,000. See Amended Notice at 3–4. Defendant summarizes the medical records as follows:

> the medical documentation reflects that [P.L.] was recommended to undergo treatment for injuries to her thoracic and lumbar spine as well as her right knee. [P.L.] reportedly continues to experience symptoms including a "small pop in her knee" and "difficulty walking" since the incident. Diagnostic imaging studies of [P.L.'s] right knee and spine further reveal a paracentral disc herniation at T11–T12 and L4–L5, as well as a small joint effusion and a benign non-ossifying fibroma (6mm x 7mm x 10mm) in the proximal tibia posterolateral metaphysis.

Id. at 4. Notably, in the Settlement Demand, Plaintiff identifies only $4,645.12 in medical bills. See Settlement Demand at 3. While Defendant attempts to explain the extent to which the Settlement Demand is supported by medical evidence, the Court concludes that Defendant still fails to present a "plausible allegation" of the amount in controversy.

When a settlement offer "reflect[s] puffing and posturing," it "is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Serv., Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also

<u>Alilin v. State Farm Mut. Auto. Ins. Co.</u>, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014). Indeed, "[s]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." <u>Alilin</u>, 2014 WL 7734262, at *2 (quoting <u>Jackson</u>, 651 F. Supp. 2d at 1281). Here, Defendant's description of P.L.'s medical conditions does not provide the Court with enough information to determine on what facts, if any, Plaintiff substantiated the sum identified in her Settlement Demand. Defendant does not explain, and the Court cannot discern, to what extent "difficulty walking," paracentral disc herniations, joint effusions, and a benign non-ossifying fibroma contribute to the amount in controversy. <u>See</u> Amended Notice at 4. In fact, the specific information Plaintiff included in her Settlement Demand undermines the conclusion that the amount in controversy exceeds $75,000—indeed, Plaintiff identified only $4,645.12 in medical bills. <u>See</u> Settlement Demand at 3. And, Defendant provides few details and no cost estimate for any ongoing medical care. <u>See generally</u> Amended Notice. Without more information, the Court cannot discern whether Plaintiff's demand for $250,000 is a reasonable assessment of the value of the claims or is more akin to mere "puffing and posturing." The Settlement Demand therefore does little to establish that the amount in controversy in this action exceeds the Court's jurisdictional threshold.

In its Amended Notice, Defendant also relies on Plaintiff's allegations in the Complaint. See Amended Notice at 4–6; see also Complaint ¶¶ 12, 17 (alleging P.L. "suffered damages including pain and suffering, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to lead and enjoy a normal life" and that her losses "are either permanent or continuing"). Defendant cites several district court cases in this circuit for the proposition that allegations like those Plaintiff includes in her Complaint suffice to establish that the amount in controversy exceeds $75,000. See Amended Notice at 5–6. Four of these nonbinding cases are readily distinguishable because the plaintiff's allegations of injury are more specific and the alleged nature of their injuries more severe. See Shaker v. Akima Global Servs., LLC, No. 1:16-cv-20146-COOKE/TORRES, 2016 WL 4641627, at *2 (S.D. Fla. Sept. 7, 2016) (the plaintiff alleged he was exposed to toxic chemicals, resulting in permanent injuries to his face, eyes, and body); Gardner v. Mgmt. and Training Corp., No. 4:14cv284-RH/CAS, 2014 WL 3039335, at *1–2 (N.D. Fla. July 3, 2014) (the plaintiff asserted a defamation claim and alleged he had difficulty finding employment); Sanderson v. Daimler Chrysler Motor Corp., No. 07-0559-WS-B, 2007 WL 2988222, at *1–2 (S.D. Ala. Oct. 9, 2007) (the plaintiff alleged she was in a car crash in which the airbag did not deploy, resulting in "serious and permanent disfigurement and scarring

to her face and body"); <u>Maconeghy v. Cooper Tire & Rubber Co.</u>, No. 08-0335-WS-M, 2008 WL 4811398, at *3–4 (S.D. Ala. Nov. 3, 2008) (the plaintiffs alleged they were in a car crash in which the vehicle overturned, resulting in serious injuries and permanent disfigurement and disability). Unlike these four cases, which each involve specific allegations of severe injuries, Plaintiff's only factual allegation in the Complaint that even hints at the nature and extent of P.L.'s injuries is the allegation that she slipped and fell. <u>See</u> Complaint ¶ 7. As to the fifth case Defendant cites, the Court finds it unpersuasive and notes that the case cites no legal authority for the proposition that boilerplate allegations in a complaint, without reference to the nature of the plaintiff's asserted injuries, suffice to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>See</u> <u>Eichhorn v. Home Depot USA, Inc.</u>, No. 07-61250-CIV, 2007 WL 2774247, at *1 (S.D. Fla. Sept. 24, 2007). The Court concludes that Plaintiff's boilerplate allegations of damage, similar to those that appear in almost every personal injury complaint, do not suffice to establish that the amount in controversy in this action exceeds the jurisdictional threshold. On this record, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." <u>Pretka</u>, 608 F.3d at 753–54 (second alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of the foregoing, the Court

determines that despite the Court's guidance and an additional opportunity to provide sufficient information, Defendant still fails to satisfactorily establish by a preponderance of the evidence that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold. See Anderson v. Wilco Life Ins. Co., 943 F.3d 917, 925 (11th Cir. 2019) ("When the plaintiff contests or the court questions the defendant's allegation [of the amount in controversy], the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.").[2]

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to redact the birthdate that appears on page 8 of Exhibit D to Defendant's, BJ's Wholesale Club, Inc., Amended Notice of Removal (Doc. 18-4) such that only the year is visible.

2. This action is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.[3]

---

[2] Because the Court concludes that the amount in controversy requirement is not met, the Court need not and does not determine whether the diversity of citizenship requirement is met. See 28 U.S.C. § 1332(a).

[3] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3.     The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

4.     The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 14, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida